

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,418-01

### EX PARTE JEAN-PIERRE BILYEU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1546561-A IN THE 230TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation with intent to commit assault and sentenced to eighteen years' imprisonment. The Fourteenth District Court of Appeals dismissed Applicant's appeal because his notice of appeal was not timely filed. *See Bilyeu v. State,* No. 14-18-00303-CR (Tex. App.—Houston [14th Dist.] May 1, 2018, no pet.) (mem. op., not designated for publication).

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief.

*Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988).

The trial court signed an order designating issues on August 8, 2018. The habeas record has been forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b)(5). However, the record has been forwarded without the trial court having resolved the designated issue(s) in this case.

We remand this application to the 230th District Court of Harris County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed:          October 23, 2019
Do not publish